UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Jonathan Lee Riches**, # 40948-018, ) | C/A No. 4:06-0442-MBS-WMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **George W. Bush**, individually and in his official ) | |
| capacity as President of the United States, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

    This is a civil rights action filed by a federal prisoner.[1]  The Clerk of Court may file the pleadings as of the date they are received for docketing.[2] When docketing this case, the Office of the Clerk of Court should enter as parties the persons whose names appear in the caption of this order.

    The above-captioned case is subject to summary dismissal under the Prison Litigation Reform Act, which includes 28 U.S.C. § 1915A, and because the defendant is immune from suit.  Accordingly, the Office of the Clerk of Court is directed **not** to authorize the issuance and service of process in the

---

[1] In the spring of 2005, the Office of the Clerk of Court implemented a new system for listing case numbers.  Under this new system, the two alphabetical suffixes at the end of the civil action number reflect the United States District Judge assignment and United States Magistrate Judge assignment.

[2] The "date received for docketing" means the date that the pleadings are received at the case manager's or docket clerk's work station, and, hence, does *not* mean the date that the pleadings were sent to the Clerk for assignment or the date the pleadings were placed in the transmittal bags for delivery to a divisional office.  In the event that a limitations issue arises in the above-captioned case, the plaintiff will have the benefit of the holding in Houston v. Lack, 487 U.S. 266, 101 L.Ed.2d 245, 108 S.Ct. 2379, 1988 U.S. LEXIS® 2875 (1988)(prison mailbox rule).  The Houston v. Lack "delivery" date in the above-captioned case is February 13, 2006.

1

above-captioned case, unless it (the Office of the Clerk of Court) is instructed by a United States District Judge or a Senior United States District Judge to do so.

The plaintiff is a *pro se* litigant. His attention is directed to the following important notice:

**TO THE PLAINTIFF:**

You are ordered to always keep the Clerk of Court advised **in writing (Post Office Box 10768, Greenville, South Carolina 29603)** if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this order, you fail to file something you are required to file within a deadline set by a District Judge or a Magistrate Judge, **your case may be dismissed for violating this order.** Therefore, if you have a change of address before this case is ended, you must comply with this order by immediately advising the Clerk of Court in writing of such change of address **and providing the Clerk of Court with the docket numbers of all pending cases you have filed with this court.** Your failure to do so will not be excused by the court.

Put this order with your own record of this case so that you will not overlook your duty. If an attorney serves you by mail on behalf of a defendant or a respondent, you also have a duty to notify that attorney if your address is to be changed for mail purposes.

The plaintiff is, hereby, informed that if his address changes in the future, he must provide *his* prison or jail address (or his new address if he is released from jail or prison). Hence, the Office of the Clerk of Court shall not enter any change of address submitted by the plaintiff which directs that mail be sent to a person other than the plaintiff (unless, of course, that person is an

attorney admitted to practice before this court who has entered a formal appearance).

(Standard change of address order, which is issued in all *pro se* cases in the District of South Carolina).[3] For the plaintiff's future reference, if the plaintiff wants copies (of items that he files with the Office of the Clerk of Court) returned to him, he (the plaintiff) must provide the copies and a self-addressed envelope with sufficient postage attached to the envelope. **In all future filings with this court, the plaintiff is directed to write or type text on one side of a sheet of paper only and not to write or type on both sides of any sheet of paper**.[4] The plaintiff is further instructed not to write to the edge of the paper, but to maintain one-inch margins on the top, bottom, and sides of each paper submitted. The plaintiff's attention is directed to the court's privacy notice on the last page of this order.

    IT IS SO ORDERED.


February 24, 2006                                       s/William M. Catoe
Greenville, South Carolina                    United States Magistrate Judge

---

[3] The first two paragraphs of the standard change of address order were adopted by the United States District Judges of this court in the autumn of 1992. The language in those two paragraphs takes into account two unpublished opinions of the Court of Appeals concerning change of address orders issued by district courts: Brandon v. Marsh, 942 F.2d 48, 1991 U.S.App. LEXIS® 19776, 1991 WESTLAW® 164880 (4th Cir., August 26, 1991); and Snyder v. Hopkins, 888 F.2d 1387, 1989 U.S.App. LEXIS® 16051, 1989 WESTLAW® 126742, 15 Fed.R.Serv. (Callaghan) 238 (4th Cir., October 20, 1989).

[4] Pursuant to Section 205 of the E-Government Act of 2002, Pub. L. 107-347, December 17, 2002, 111 Stat. 2899, this court has implemented Case Management-Electronic Case Filing (CM-ECF). For this purpose, *pro se* filings are scanned to create electronic docket records. Therefore, the use of only one side of a sheet of paper is required. Also, double-sided pages are difficult to "scan" into the CM-ECF system.

**IMPORTANT INFORMATION . . . PLEASE READ CAREFULLY!**

# WARNING TO *PRO SE* LITIGANTS

All Documents That You File with the Court Will Be Available to the Public on the Internet Through Pacer (Public Access to Court Electronic Records) and the Court's Electronic Case Filing System.

*YOU* ARE RESPONSIBLE FOR PROTECTING YOUR IDENTITY FROM POSSIBLE THEFT. *YOU* MUST REMOVE CERTAIN *PERSONAL IDENTIFYING INFORMATION* FROM ALL DOCUMENTS *BEFORE* YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING. IT IS NOT THE COURT'S RESPONSIBILITY TO REMOVE PERSONAL IDENTIFYING INFORMATION FROM YOUR DOCUMENTS BEFORE THEY ARE ELECTRONICALLY DOCKETED.

Under the Privacy Policy of the Judicial Conference of the United States, *a litigant, whether represented by counsel or appearing pro se, must not put certain types of the litigant's (or any other person's) personal identifying information or other sensitive personal information in documents submitted for filing to any United States District Court*. This rule applies to **ALL** documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party for filing. If the litigant finds it necessary to submit a document containing personal identifying information, the litigant must "black out" or redact the personal identifying information prior to submitting the document to the Office of the Clerk of Court for filing.

1. Types of personal information that **MUST** be removed or redacted from documents before filing:

**(a) Social Security numbers.** If an individual's social security number must be included in a pleading, only the last four digits of that number shall be used.
**(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, only the initials of that child shall be used.
**(c) Dates of Birth.** If an individual's date of birth must be included in a pleading, only the year shall be used.
**(d) Financial Account Numbers.** If financial account numbers are relevant, only the last four digits of these numbers shall be used.
**(e) Home Address Information.** If the home address of a person must be included, only the city and state shall be listed, except for the mailing address of a *pro se* litigant, which is necessary for notification of court proceedings, or the full address of a party to be served on necessary service papers.
**(f) Juror Information.** If a document containing identifying information about a juror or potential juror must be filed (*e.g.*, verdict form or indictment), all personal information identifying a juror or potential juror must be redacted.

2. Other sensitive personal information that should be considered for possible removal or redaction:

Any personal identifying number, including a driver's license number; medical records; employment history; individual financial information; proprietary or trade secret information; information regarding an individual's cooperation with the government; information regarding the victim of any criminal activity; national security information; and/or sensitive security information described in 49 U.S.C. § 114(s).