UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| **Jonathan Lee Riches**, # 40948-018, | ) | **C/A No. 4:06-0442-MBS-WMC** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| **George W. Bush**, individually and in his official capacity as President of the United States, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

# *Background of this Case*

The plaintiff is a federal prisoner at FCI-Williamsburg in Salters, South Carolina. He has submitted a complaint naming President George W. Bush as a defendant. The plaintiff states that the above-captioned case is an action under 42 U.S.C. § 1983 and the Federal Tort Claims Act. The plaintiff alleges violations of various federal statutes concerning terrorism, murder, treason, major fraud, extortion, torture, racketeering, "Tortous" [sic] claims, espionage, sex trafficking, obstruction of justice, war crimes, assault, biological weapons, concealment, false oaths, bribery, stalking, identity theft,

1

kidnapping, genocide, injury to wildlife, sabotage, obstruction of justice, explosives, brutality, negligence, false information, and mind manipulation.

Specifically, the plaintiff alleges: *(1)* the plaintiff's state and federal constitutional rights are being violated; *(2)* the plaintiff "seeks 299,000,000,000,000.00 Trillion dollars backed by gold or silver delivered by United States Postal Service to Federal Correctional Institution, Salters, South Carolina," from the defendant; *(3)* President George W. Bush "is in a vast conspiracy of Uniform Commercial Code 'UCC' followers[,]" which include President Bush, the Queen of England, Chubby Checker, the Dalai Lama, Hillary Clinton, Bloods and Crips of Detroit, the trench coat mafia, Senator Arlen Specter, the Gambino crime family, Senator Trent Lott, RFID tracking devices, and radioactive chemicals released into the air by airline pilots; *(4)* the Federal Reserve System is a fraud and federal reserve notes "are backed by nothing of substance[;]" *(5)* President Bush has failed to build an anti-UFO defense system around FCI-Williamsburg and has released staph infections into the water system at FCI-Williamsburg; *(6)* the plaintiff has been subjected to microwave testing on a daily basis; *(7)* President Bush is secretly selling prisoners' DNA to the Hitler Socialist Party; *(8)* President

2

Bush is a "voodoo witch doctor involved with transforming Humans to Animals sometimes plants[;]" *(9)* FCI-Williamsburg has "robotic guards" made from President Bush's NASA partners; *(10)* on January 4, 2003, President Bush stole the plaintiff's identity; *(11)* on "April 20th 2002, George Bush Joined alliance to Al qaeda[;]" *(12)* "October 31 2001 George Bush is spelled hsub egroeG backwards[;]" *(13)* the Fourteenth Amendment was not ratified properly; *(14)* President George W. Bush is a "time traveler" who conspired with the Duke of Normandy at the Battle of Hastings in 1066;[1] and *(15)* "George H. W. Bush is his front father [who] contracted with secret Wiccan's [sic] to pervert America citizens via www world wide web."  In his prayer for relief, the plaintiff seeks a restraining order against President Bush because he (the plaintiff) comes in peace.  The plaintiff also seeks a restraining order against  "air force one."

---

[1]At the Battle of Hastings, Norman forces under William the Conqueror defeated English forces under King Harold.  King Edward (the Confessor), who ruled from 1042 to 1066, had died without issue and was succeeded to the throne by his wife's brother, Harold.  This succession was disputed by William, Duke of Normandy, who defeated Harold at the Battle of Hastings on October 14, 1066, "thus becoming in the pages of history, William the Conqueror, King of England."   Richard A. Pacia and Raymond A. Pacia, Roman Contributions to American Civil Jurisprudence, 49-May *Rhode Island B. J.* 5, 33 (May 2001).

# *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act.   The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of a *pro se* filing).[2]  *Pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, Gordon v.

---

[2]Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

One should note, as a preliminary observation, that the plaintiff is using language, "legal" notions, and even typography (the copyright symbol © appended to the plaintiff's name) associated with the "tax protester" and "sovereign citizen" movements. *See*, *e.g.*, United States v. Raymond, 228 F.3d 804, 812, 200 U.S.App. LEXIS® 23790 (7th Cir. 2000), *cert. denied*, 533 U.S. 902, 150 L.Ed.2d 230, 121 S.Ct. 2242, 2001 U.S. LEXIS® 4345 (2001).

The undersigned is treating this case as a <u>Bivens</u> action.  *See* <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).   In <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, <u>supra</u>, 403 U.S. at 397, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights.  "<u>Bivens</u> is the case establishing, as a general proposition, that victims of a constitutional violation perpetrated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits." <u>Wright v. Park</u>, 5 F.3d 586, 589 n. 4, 1993 U.S.App. LEXIS® 25129 (1st Cir. 1993), which *cites*, *inter alia*, <u>Carlson v. Green</u>, 446 U.S. 14, 18 (1980)(restating <u>Bivens</u> rule).

A <u>Bivens</u> claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law.  *See* <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 814-820 & n. 30 (1982).   <u>Harlow</u>, which is often cited for the principle of the qualified immunity of state officials for acts within the scope of their employment, was brought against a federal official.  In footnote 30 of the opinion in <u>Harlow</u>, the Supreme Court stated that <u>Harlow</u> was applicable to state officials sued under

42 U.S.C. § 1983. In other words, case law involving § 1983 claims is applicable in <u>Bivens</u> actions and *vice versa*. *See* <u>Farmer v. Brennan</u>, <u>supra</u>; <u>Bolin v. Story</u>, 225 F.3d 1234, 1241-1242, 2000 U.S.App. LEXIS® 22501 (11th Cir. 2000); and <u>Campbell v. Civil Air Patrol</u>, 131 F.Supp.2d 1303, 1310 n. 8, 2001 U.S.Dist. LEXIS® 2542 (M.D.Ala. 2001)(noting that, since courts have expanded the <u>Bivens</u> remedy, usually used for a Fourth Amendment violation, to allow direct action under First and Fifth Amendments, "the court shall refer interchangeably to cases" decided under both § 1983 and <u>Bivens</u>).

President George W. Bush enjoys presidential immunity from suit for damages for conduct that is part of the President's official duties. <u>Forrester v. White</u>, 484 U.S. 219, 225, 98 L.Ed.2d 555, 108 S.Ct. 538, 1988 U.S. LEXIS® 308 (1988); <u>Nixon v. Fitzgerald</u>, 457 U.S. 731, 756-758, 73 L.Ed.2d 349, 102 S.Ct. 2690, 1982 U.S. LEXIS® 42 (1982); and <u>El-Shifa Pharmaceuticals Co. v. United States</u>, 402 F.Supp.2d 267, 2005 U.S.Dist. LEXIS® 35436 (D.D.C. 2005)(suit concerning destruction of Sudanese chemical plant by cruise missiles launched by naval ships in international waters; *held:* district court lacked subject-matter jurisdiction because of sovereign immunity relating to Presidential decisions). *Cf.* <u>Clinton v. Jones</u>, 520 U.S. 681, 694-695, 137 L.Ed.2d 945, 117 S.Ct. 1636, 1997 U.S. LEXIS®

3254 (1997)(no Presidential immunity from suit for conduct not taken in official capacity prior to becoming President). Thus, President George W. Bush is immune from liability for damages with respect to his official actions.

The above-captioned case is also subject to summary dismissal under the "political question" doctrine. Under the "political question" doctrine, the United States District Court for the District of South Carolina cannot address the plaintiff's claims relating to an alliance or alliances between the United States and other countries. The plaintiff's claims about alliances and foreign policy are "political questions" because they relate to foreign policy of the United States. Goldwater v. Carter, 444 U.S. 996, 1002-1006 (1979). The "political question" doctrine discountenances judicial interference with certain types of cases involving the other branches of the Government of the United States. Baker v. Carr, 369 U.S. 186, 211 (1962).

In short, the foreign policy claims presented by the plaintiff in the case at bar involve the authority of the President in the conduct of foreign relations, the authority of the Senate to ratify treaties, and relationships among third countries. Goldwater v. Carter, supra, 444 U.S. at 1002-1003. *See also* Dellums v. Bush, 752 F. Supp. 1141, 1990 U.S.Dist. LEXIS® 16611 (D.D.C. 1990); and Eckert International v. Government of the Sovereign Democratic

Republic of Fiji, 834 F. Supp. 167, 171, 1993 U.S.Dist. LEXIS® 13604 (E.D.Va. 1993)(purpose of "political question" doctrine is "to prevent judicial pronouncements that would disrupt this country's foreign relations"), *affirmed*, Eckert International v. Government of the Sovereign Democratic Republic of Fiji, 32 F.3d 77, 1994 U.S.App. LEXIS® 20704 (4th Cir. 1994).  *Cf*. Flast v. Cohen, 392 U.S. 83, 97 (1968)(federal judicial power usually limited to disputes capable of being resolved through judicial process); and FCC v. Pacifica Foundation, 438 U.S. 726, 735 (1978)("[F]ederal courts have never been empowered to issue advisory opinions.").

Even if this case is treated as one brought under the Federal Tort Claims Act (FTCA), the United States would be entitled to summary dismissal on the basis of sovereign immunity.  A suit under the Federal Tort Claims Act lies only against the United States, and a federal district court lacks subject-matter jurisdiction over claims asserted against federal agencies or individual federal employees.  *See* Myers and Myers, Inc. v. United States Postal Service, 527 F.2d 1252, 1256 (2nd Cir. 1975).[3]  Additionally, an administrative

---

[3]The Federal Tort Claims Act (FTCA) waives the sovereign immunity of the United States in certain situations.  Litigants must strictly comply with the requirements of the FTCA.  *See* 28 U.S.C. § 2675; and United States v. Kubrick, 444 U.S. 111, 117-118 (1979).  The administrative claim must be submitted in writing within two (2) years after the claim accrues.  28 U.S.C. § 2401(b).  When the United States has denied an administrative
(continued...)

claim must first be filed with the appropriate federal agency before commencement of a civil action in a district court under the Federal Tort Claims Act. *See* 28 C.F.R. § 14.2; the Standard Form 95; and 28 U.S.C. § 2401(b) (a tort claim "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues"). There is no indication that the plaintiff has filed an administrative claim with the United States Department of Justice. Under the FTCA, "the requirement of filing an administrative claim is jurisdictional and may not be waived." Henderson v. United States, 785 F.2d 121, 123, 1986 U.S.App. LEXIS® 22913 (4th Cir.1986), which is cited in Kokotis v. United States Postal Service, 223 F.3d 275, 278, 2000 U.S.App. LEXIS® 18655 (4th Cir. 2000).

# *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra;

---

(...continued)
claim filed under the FTCA, the claimant has six months to bring suit in a federal district court. 28 U.S.C. § 2401(b).

Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. *,

1993 U.S.App. LEXIS® 17715 (4th Cir. 1993), *replacing* unpublished opinion

originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra;

Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C.

§ 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; and "new" 28

U.S.C. § 1915A[as soon as possible after docketing, district courts should

review prisoner cases to determine whether they are subject to summary

dismissal]. Since the defendant is immune from suit and the plaintiff seeks

monetary damages from him, this case is encompassed by 28 U.S.C.

§ 1915A(b)(2). Hence, I also recommend that the above-captioned case be

deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C.

§ 1915(g). The plaintiff's attention is directed to the Notice on the next page.


February 24, 2006                          s/William M. Catoe
Greenville, South Carolina                 United States Magistrate Judge


11

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
### &
### The **Serious Consequences** of a Failure to Do So

The plaintiff is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service.  28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.   A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections.  **Any written objections must** *specifically identify* **the portions of the Report and Recommendation to which objections are made** *and* **the basis for such objections.**  *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995).  Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991).  *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review").  **This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections.**  *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**